559 S.E.2d 589

**In the Matter of R. Michael MUNDEN, Respondent.**

**No. 25412.**

Supreme Court of South Carolina.

Submitted Jan. 15, 2002.

Decided Feb. 11, 2002.

Henry B. Richardson, Jr., and Michael S. Pauley, both of Columbia, for the Office of Disciplinary Counsel.

Reynolds Williams, of Florence, for respondent.

232

## PER CURIAM:

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR. In the agreement, respondent admits misconduct and consents to the imposition of any of the sanctions set forth in Rule 7(b), RLDE, Rule 413. We accept the agreement and publicly reprimand respondent.

### *Facts*

From 1990 through late 1995 or early 1996, respondent performed legal work for a client and the client's spouse. Respondent represents he never charged a legal fee for the work. Respondent also consulted with the client's spouse on a legal issue in January 1998. Shortly thereafter, respondent entered into an adulterous relationship with the client's spouse. Respondent acknowledges that there was no formal termination of the legal representation of the client, the client's spouse or of any of the client's businesses before or after the relationship with the client's spouse began.

### *Law*

Respondent admits that he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.7(b)(a lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person or by the lawyer's own interests); Rule 1.16(a)(1)(a lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if the representation will result in violation of the Rules of Professional Conduct or other law); Rule 8.4(a)(it is professional misconduct for a lawyer to violate the Rules of Professional Conduct); and Rule 8.4(e)(it is professional misconduct for a lawyer to engage in conduct that is prejudicial to the administration of justice). He also admits violating the following provisions of the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1)(it shall be grounds for discipline for a lawyer to violate the Rules of Professional Conduct or any other rules of this jurisdiction regarding

professional conduct of lawyers); Rule 7(a)(5)(it shall be grounds for discipline for a lawyer to engage in conduct tending to pollute the administration of justice or to bring the court or the legal profession into disrepute); and Rule 7(a)(6)(it shall be grounds for discipline for a lawyer to violate the oath of office taken upon admission to practice law in this state).

### *Conclusion*

We find that respondent's misconduct warrants a public reprimand. Accordingly, we accept the Agreement for Discipline by Consent and publicly reprimand respondent for his actions.

**PUBLIC REPRIMAND.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.